1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANIE SMITH-THOMAS,

          Plaintiff,

   v.

HOME DEPOT USA INC.,

          Defendant.

Case No. C24-5049-MLP

ORDER

       This matter is before the Court on two motions: (1) Plaintiff's counsel's Motion to Withdraw as Attorney (dkt. # 23); and Defendant's Motion for Summary Judgment (dkt. # 19). Plaintiff timely filed a response opposing Defendant's Motion (dkt. # 21), and Defendant timely filed a reply (dkt. # 24). Having considered the relevant record, the Court GRANTS Counsel's Motion (dkt. # 23) and directs the Clerk to renote Defendant's Motion (dkt. # 19) for April 28, 2025.

       Plaintiff's counsel, John A. Sterbick of Sterbick and Associates, P.S., moves for an order allowing him to withdraw as counsel due to a "difference of opinions on the liability and value of this matter" with Plaintiff. (Dkt. # 23 at 1.) Mr. Sterbick also notes that on February 19, 2025,

ORDER - 1

Plaintiff informed him that she had discharged him and retained a different attorney. (*See* Sterbick Decl. (dkt. # 22) at ¶ 9, Ex. B.)

Pursuant to Local Civil Rule 83.2, "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court" if the withdrawal would leave the litigant unrepresented. *See* LCR 83.2(b)(1)–(3). As an initial matter, Mr. Sterbick's motion satisfies the technical requirements of LCR 83.2, including certification of service on both his client and opposing counsel, and provision of Plaintiff's contact information (dkt. # 23). *See* LCR 83.2(b)(1).

Mere technical compliance with the rule, however, does not guarantee counsel will be permitted to withdraw. *Putz v. Golden*, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). It is within the district court's broad discretion to grant or deny a motion to withdraw as counsel. *Id.*; *see also LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing district court's denial of motion to withdraw for abuse of discretion). In exercising their discretion, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Putz*, 2012 WL 13019202, at *3. Additionally, an attorney may "ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case." LCR 83.2(b)(1).

Although discovery in this matter has already closed (*see* dkt. # 13), the Court concludes that Mr. Sterbick should be permitted to withdraw. *See Jinni Tech, Ltd. v. RED.com, Inc.*, 2019 WL 2578591, at *3 (W.D. Wash. June 24, 2019) (permitting withdrawal even though counsel moved to withdraw seventy-one days after the discovery deadline).

ORDER - 2

The Washington State Rules of Professional Conduct require that a lawyer "withdraw from the representation of a client if . . . the lawyer is discharged." Wash. Rules of Prof'l Conduct R. 1.16(a)(3); *see also*, *e.g.*, *Washington v. Starbucks Corp.*, 2009 WL 10675531, at *1 (W.D. Wash. May 18, 2009) (a lawyer is effectively discharged when a party no longer wishes to be represented by that lawyer). In this case, Plaintiff has formally discharged Mr. Sterbick. (*See* Sterbick Decl. at Ex. B.) Furthermore, no party opposes Mr. Sterbick's motion or claims that his withdrawal would cause prejudice (*see* dkt.). *See also Curtis*, 2014 WL 556010, at *4. The Court does not foresee that Mr. Sterbick's withdrawal will adversely affect the administration of justice or unduly delay the resolution of the case. *Id.*

Accordingly, the Court GRANTS Mr. Sterbick's Motion to Withdraw and ORDERS:

(1)     Within **thirty (30) days** of the date this Order is signed, new counsel shall enter an appearance on behalf of Plaintiff or Plaintiff shall notify the Court that she intends to proceed *pro se*. *See generally* LCR 83.2. Failure to comply may result in the dismissal of Plaintiff's claims for failure to prosecute.

(2)     The Clerk is directed to renote Defendant's Motion for Summary Judgment (dkt. # 19) for April 28, 2025.

Dated this 26th day of March, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3