UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANIE SMITH-THOMAS,

            Plaintiff,

   v.

HOME DEPOT USA INC.,

            Defendant.

Case No. C24-5049-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendant Home Depot USA Inc.'s ("Home Depot") Motion for Summary Judgment. (Mot. (dkt. # 19).) Plaintiff Janie Smith-Thomas filed a response. (Resp. (dkt. # 21).) Having reviewed the motion, the supporting documents, and applicable law, the Court GRANTS Home Depot's Motion for Summary Judgment (dkt. # 19), as discussed further below.

## II.    BACKGROUND

In August 2020, Ms. Smith-Thomas rented a table saw from Home Depot. (Sterbick Decl. (dkt. # 22) at Ex. A; Purcell Decl. (dkt. # 20) at Ex. 5.) In her complaint, Ms. Smith-Thomas alleged that Home Depot failed to provide the proper safety equipment and safety

ORDER - 1

instructions along with the rental of the table saw. (Compl. (dkt. # 1-1) at 2.) While using the table saw, two of Ms. Smith-Thomas's fingers were severely cut, requiring ligament repair surgery. (*Id.*) As a result, Ms. Smith-Thomas asserts she no longer has full use of her fingers. (*Id.*)

Ms. Smith-Thomas initiated this action by filing a Complaint against Home Depot in Pierce County Superior Court, alleging Home Depot's negligence proximately caused her injuries. (Compl. at 3.) On January 16, 2024, Home Depot removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. # 1.)

Subsequently, on February 26, 2024, the parties filed a Joint Status Report. (Dkt. # 12.) Pursuant to this report, the Court issued an Order on February 28, 2024, setting a trial date and pretrial schedule. (Dkt. # 13.)

On December 12, 2024, Ms. Smith-Thomas's attorney, John A. Sterbick, filed a notice of withdrawal. (Dkt. # 16.) The Court struck this notice on January 7, 2025, pursuant to Local Civil Rule ("LCR") 83.2(b)(1), because withdrawal would leave Ms. Smith-Thomas unrepresented. (Dkt. # 17.)

On February 26, 2025, Home Depot filed its Motion for Summary Judgment. (Mot.) On March 13, 2025, Mr. Sterbick responded to the motion and also filed a Motion to Withdraw as Counsel.[1] (Resp.; dkt. # 23.) Home Depot filed a reply on March 24, 2025. (Dkt. # 24.)

Although the discovery period had closed, the Court granted the withdrawal motion on March 26, 2025, noting that Ms. Smith-Thomas had formally discharged Mr. Sterbick. (Dkt. # 25.) The Court then directed Ms. Smith-Thomas to either secure new counsel or notify the

---

[1] Ms. Smith-Thomas's response states "that Home Depot failed to provide safety instructions and the 'push stick' as part of the safety equipment provided with the saw." (Resp. at 1.) A "[p]ush stick means a narrow strip of wood or other soft material with a notch cut into one end and which is used to push short pieces of material through saws." 29 C.F.R. § 1910.211(a)(2).

Court of her intent to proceed *pro se*, and renoted Home Depot's Motion for Summary Judgment for April 28, 2025. (*Id.* at 3.)

On April 29, 2025, the Court received a letter from Ms. Smith-Thomas indicating her intent to proceed with the case, which the Court construed as a notice of intention to proceed *pro se*. (Dkt. ## 26, 27.) The following day, Ms. Smith-Thomas updated her address with the Clerk's Office. Since Mr. Sterbick's withdrawal, Ms. Smith-Thomas has not filed any response or statement of disputed facts regarding Home Depot's Motion.

### III. LEGAL STANDARDS

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 216 (2015). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant meets this burden, the nonmoving party must set forth specific facts demonstrating that a factfinder could reasonably find in its favor. *Id.* at 250.

The Court cannot consider the absence of a response from the nonmoving party to be an admission that a summary judgment motion has merit. *See* LCR 7(b)(2). Nonetheless, the Court may consider the supporting materials—including undisputed facts—and grant summary judgment if they demonstrate that the movant is entitled to judgment. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013); Fed. R. Civ. P. 56(e)(3). It is important to note that unverified

allegations in pleadings do not create genuine disputes of material fact. *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006).

Further, when Requests for Admission are served, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Failure to respond thus results in the matters being deemed admitted and precludes the existence of a genuine issue as to that matter, which supports summary judgment. *See, e.g.*, *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007); *Ocasio v. Las Vegas Metropolitan Police Dept.*, 10 Fed. Appx. 471 (9th Cir. 2001).

## IV.    DISCUSSION

Here, Ms. Smith-Thomas was served with Requests for Admission in September 2024. (Purcell Decl. at ¶ 5, Ex. 5.) To date, she has failed to respond. (*Id.*) This nonresponse results in the admissions that: (1) Ms. Smith-Thomas received a push stick along with her rental of the table saw; and (2) she was provided with an operator's manual and safety instructions at that time. (Mot. at 3-4; Purcell Decl. at Ex. 5.) These undisputed facts directly contradict her claim that Home Depot failed to supply such safety equipment and instructions. (*See* Compl. at 2; Resp.)

Although Ms. Smith-Thomas' counsel filed a response to Home Depot's Motion, the response did not address the Requests for Admission or otherwise provide any evidence contradicting Home Depot's statements. (Resp. at 2.) Ms. Smith-Thomas asserts that the signed rental contract did not confirm that the listed parts were actually provided to her. (*Id.*) However, the referenced contract states Ms. Smith-Thomas "received the equipment referenced in the Agreement" and was "offered operating manuals on the rental equipment." (Sterbick Decl. at Ex.

A.) It also indicates that the table saw was returned without incurring charges for damaged or missing equipment. (*Id.*) Ms. Smith-Thomas's conclusory response is thus insufficient to establish a genuine issue of material fact for trial. *See Fed. Trade Commission v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

Ms. Smith-Thomas has not moved to withdraw or amend her admissions. She was on notice that Home Depot intended to rely on these admissions as early as the filing of its motion on February 26, 2025. Her awareness of the case proceedings is further evidenced by a December meeting with Mr. Sterbick, during which she was provided copies of Home Depot's discovery requests. (Resp. at 3.) Additionally, Ms. Smith-Thomas's responses to the Court's orders further demonstrate her knowledge of the pending motion for summary judgment and the associated deadlines. (*See, e.g.*, dkt. # 26.) Despite proceeding *pro se*, she is still subject to the Federal Rules and the Court's Local Rules. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (explaining that a *pro se* litigant must "abide by the rules of the court in which he litigates"). Her status does not exempt her from these obligations, and her failure to oppose or challenge the admissions further justifies the Court's decision to grant summary judgment. *See Layton v. Int'l Assoc. of Machinists & Aerospace Workers*, 2006 WL 8447069, at *3 (C.D. Cal. June 7, 2006) ("courts have construed Rule 36 not to allow district courts to withdraw or ignore admissions unless a motion for withdrawal is made.").

Given the record, Ms. Smith-Thomas's uncontested admissions, and her failure to meaningfully respond despite clear notice, the Court finds that summary judgment is appropriate.

//

//

//

ORDER - 5

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (dkt. # 19) is hereby GRANTED, and this case is DISMISSED with prejudice.

Dated this 20th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6