UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANIE SMITH-THOMAS,

          Plaintiff,

   v.

HOME DEPOT USA INC.,

          Defendant.

Case No. C24-5049-MLP

ORDER

This matter is before the Court on Ms. Smith-Thomas' Motion to Extend. (Dkt. # 30.) Ms. Smith-Thomas seeks to extend the deadlines for dispositive motions and the proposed pretrial order. (*Id.*) She claims good cause because of circumstances outside her control and requests clarity on matters related to the Summary Judgment. (*Id.*) Since the Court granted Defendant's Motion for Summary Judgment on May 20, 2025, and subsequently dismissed Plaintiff's complaint with prejudice (dkt. ## 28-29), the Court liberally construes Ms. Smith-Thomas' motion as a motion for relief from judgment under Fed. R. Civ. P. 59(e) or a motion for relief from a judgment or order under Rule 60(b).

ORDER - 1

As an initial matter, the Court notes the instant motion was timely filed before any notice of appeal was entered. Accordingly, this Court retains jurisdiction to consider the motion. *See Natural Res. Defense Council, Inc. v. Sw. Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001).

A motion under Rule 59(e) can be granted if there is newly discovered evidence, clear error, or an intervening change in law. *See In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008). Ms. Smith-Thomas does not allege newly discovered evidence or a change in law, and her claims of the dismissal being manifestly unjust due to uncontrollable circumstances are unpersuasive. (Dkt. # 30.) Despite several opportunities provided by the Court since February 2025, Plaintiff has not progressed the case or countered Defendant's arguments. Therefore, there is no manifest injustice, and Plaintiff's motion under Rule 59(e) is denied.

Rule 60(b) allows for relief from judgment for several specified reasons, none of which apply here apart from the catchall provision in 60(b)(6). Fed. R. Civ. P. 60(b). This provision necessitates showing extraordinary circumstances and both injury and circumstances which prevented timely action. *See United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). Based on the prior analysis, Plaintiff has not demonstrated a basis for relief under Rule 60(b)(6). Accordingly, Plaintiff's motion under Rule 60(b) is denied.

For the foregoing reasons, Plaintiff's Motion (dkt. # 30) is DENIED.

Dated this 10th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2